RICHARD A. ERGO (SBN: 110487)
rergo@bowlesverna.com
WILLIAM T. NAGLE (SBN: 180162)
wnagle@bowlesverna.com
BOWLES & VERNA LLP
2121 N. California Blvd., Ste. 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371

*Attorneys for Defendant JLG Industries, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JLG INDUSTRIES, INC.,<br><br>　　　　　　　Defendant. | CASE NO.: 2:19-cv-00686-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the discovery of confidential information, the parties in the above-captioned action hereby stipulate and agree to the following:

1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Stipulated Non-Sharing Protective Order and Confidentiality Agreement (the "Agreement" or the "Confidentiality Agreement") any information, document, or thing, or portion of any such information, document, or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the applicable Local Civil Rules of Civil Procedure. Any party to this litigation or any third-party covered by this Agreement, who produces or discloses any confidential material, including

without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AGREEMENT" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action; shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose; and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 below, unless and until the restrictions herein are removed by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts, individuals with technical expertise, or consultants retained by a party or by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, which shall be kept by the retaining attorney prior to that person's receipt of Confidential materials;

(c) Insurance carriers for the parties, including adjusters for those carriers;

(d) Secretarial, paralegal, clerical, and duplicating and data processing personnel of the foregoing;

(e) The Court and court personnel;

(f) Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject-matter described therein, is employed by the party who

produced the information, document, or thing, or if the producing party consents to such disclosure;

 (g) Vendors retained by or for the parties to assist in preparing for pre-trial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographers, and clerical employees whose duties and responsibilities require access to such materials; and

 (h) The parties, including executives who are required to participate in decisions with reference to this lawsuit in the case of parties that are corporations or other business entities.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. The use of such Confidential Materials and/or information from Confidential Materials during deposition in this action does not waive the terms of the Agreement. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), and (f) above and the deponent during the 30 days after receipt of the deposition transcript by the party. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving information, documents, or things designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a) Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    (b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the Confidentiality designation being challenged shall present the dispute to the Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. If the need arises during trial, motion practice, or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject-matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing

counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Agreement.

9. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Agreement.

11. This Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12. This Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written agreement of the parties hereto.

13. Within 60 days of conclusion of this litigation, including any appeals, each party or other individual subject to the terms hereof shall be under an obligation to assemble and either to destroy or to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material. Upon request of any party, each party or other individual subject to the terms hereof shall also be under an obligation to destroy all copies of material that contain and/or constitute attorney work-product and which contain Confidential information including, but not limited to, excerpts, summaries, and digests; provided, however, that counsel and

the parties' insurance carriers may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, and attorney reports or analyses for archival purposes, subject to the provisions of this Agreement. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED**

**Dated: December 10, 2019**

_____

Attorneys for Plaintiff

DATED:_____

_____

Attorneys for Defendant JLG

DATED:_____

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 10, 2019

686

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE